UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

YUSUF SPARKS,

                                        *Plaintiff*,

            -against-                                        19-CV-1269

CORRECTIONS SERGEANT JASON HOLLAND;                    MAD/ATB
CORRECTIONS SERGEANT WILLIAM LECLAIR;
CORRECTIONS LIEUTENANT SNOW;
CORRECTIONS OFFICER NICHOLAS MARTIN;
CORRECTIONS OFFICER PATRICK CLANCY;
CORRECTIONS OFFICER B. BARBER;
CORRECTIONS OFFICER CHAD STICKNEY:
CORRECTIONS OFFICER DUCAN; F.S.A. FRENCH;
NURSE KIMBERLY KIM; SUPERINTENDENT
MICHAEL KIRKPATRICK; CORRECTIONS
SERGEANT PATRICK STOTLER; CORRECTIONS
OFFICERS JOHN DOE 1-20.

                                        *Defendants*.
_____

    Defendants, Jason Holland, William LeClair. Martin Snow, Nicholas Martin, Patrick Clancy,

Brandon Barber, Chad Stickney, Robert French, Kimberly Kim, Michael Kirkpatrick and Patrick

Stotler ("Defendants"), by their attorney, Letitia James, Attorney General of the State of New

York, Ryan L. Abel, Assistant Attorney General, of counsel, do now hereby answer the Second

Amended Complaint of Plaintiff, Yusuf Sparks (Dkt. No. 28), as follows:

## **JURISDICTION**

    1.   With regard to paragraph 1 of the Second Amended Complaint, no response is required

because this paragraph merely contains legal conclusions concerning this Court's jurisdiction over

Plaintiff's action and the venue for this action.  Defendants respectfully refer the Court to the

statutory authority referenced therein for the contents and legal effect thereof, and Defendants deny

the allegations set forth in paragraph 1 of the Second Amended Complaint to the extent that they allege that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

## JURY TRIAL

2.   With regard to paragraph 2 of the Second Amended Complaint, no response is required because this paragraph merely contains Plaintiff's request for a jury trial.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to any compensatory, punitive, or injunctive relief, or any other such relief requested in the Second Amended Complaint.

## NATURE OF THE ACTION

3.   With regard to paragraph 3 of the Second Amended Complaint, no response is required because this paragraph merely contains legal conclusions concerning the legal basis for Plaintiff's claims.  Defendants respectfully refer the Court to the statutory authority referenced therein for the contents and legal effect thereof, and Defendants deny the allegations set forth in paragraph 3 of the Second Amended Complaint to the extent that they allege that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

4.   Defendants deny the allegations set forth in paragraph 5 of the Second Amended Complaint.

5.   With respect to paragraphs 4 and 6 of the Second Amended Complaint, Defendants respectfully refer the Court to the documentary evidence referenced therein for the contents and legal effect thereof.  Defendants deny the allegations to the extent that they are inconsistent with such referenced documentary evidence and deny that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.  Defendants deny the remaining allegations set forth in these paragraphs of the Second Amended Complaint.

## PARTIES INVOLVED

6.   Paragraph 7 of the Second Amended Complaint contains characterizations of Plaintiff to which no response is required.  To the extent a response remains required, Defendants admit that Plaintiff is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").

7.   With regard to the allegations set forth in paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 of the Second Amended Complaint, no response is required because these paragraphs merely identify Defendants as parties to this action.  To the extent that a response is required, Defendants deny the allegations to the extent that these paragraphs allege that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.  Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in these paragraphs of the Second Amended Complaint.

## FACTUAL ALLEGATIONS

8.   Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 22, 36, 41, 42, 47, 54, 59, 62, 64, 70, 76, 85, 87, 89, 93, 95, 98 and 99 of the Second Amended Complaint.  Defendants deny the allegations to the extent that they allege that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

9.   With respect to paragraph 23 of the Second Amended Complaint, Defendants respectfully refer the Court to the regulatory authority referenced therein for the contents and legal effect thereof.  Defendants deny the allegations to the extent that they are inconsistent with such referenced documentary evidence and deny that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.  Defendants deny knowledge or information as to the remaining allegations set forth in this paragraph of the Second Amended Complaint.

10. With respect to paragraphs 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 37, 44, 45, 46, 61, 91, 92 and 100 of the Second Amended Complaint, Defendants respectfully refer the Court to the documentary evidence referenced therein for the contents and legal effect thereof. Defendants deny the allegations to the extent that they are inconsistent with such referenced documentary evidence and deny that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff. Defendants deny knowledge or information as to the remaining allegations set forth in these paragraphs of the Second Amended Complaint..

11. Defendants deny paragraphs 28, 39, 40, 48, 49, 50, 51, 52, 53, 55, 60, 63, 65, 66, 67, 68, 71, 72, 73, 74, 77, 78, 79, 80, 81, 82, 83, 84, 86, 88, 90, 94, 96, 97 and 101 of the Second Amended Complaint.

12. With respect to paragraphs 43, 56, 57 and 58 of the Second Amended Complaint, Defendants respectfully refer the Court to the documentary evidence referenced therein for the contents and legal effect thereof. Defendants deny the allegations to the extent that they are inconsistent with such referenced documentary evidence and deny that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff. Defendants deny the remaining allegations set forth in these paragraphs of the Second Amended Complaint.

13. Paragraph 69 of the Second Amended Complaint contains legal conclusions to which no response is required. Defendants deny the allegations to the extent that they are inconsistent with such referenced legal authority and deny that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff. Defendants deny knowledge or information as to the remaining allegations set forth in this paragraph of the Second Amended Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 75 of the Second Amended Complaint, except Defendants deny that they violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

## PLAINTIFF'S FIRST CLAIM

15. With regard to paragraph 107 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

16. Defendants deny the allegations set forth in paragraphs 108, 109, 110, 111 and 112 of the Second Amended Complaint.

## PLAINTIFF'S SECOND CLAIM

17. With regard to paragraph 113 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

18. Paragraph 114 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that they violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

19. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 115 and 122 of the Second Amended Complaint, except Defendants deny that they violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

20. Defendants deny the allegations set forth in paragraphs 116, 117, 118, 120, 121, 123 and 124 of the Second Amended Complaint.

21. With respect to paragraph 119 of the Second Amended Complaint, Defendants respectfully refer the Court to the documentary evidence referenced therein for the contents and legal effect thereof.  Defendants deny the allegations to the extent that they are inconsistent with such referenced documentary evidence and deny that Defendants violated any of Plaintiff's rights

or are otherwise liable to Plaintiff.  Defendants deny the remaining allegations set forth in this paragraph of the Second Amended Complaint.

## PLAINTIFF'S THIRD CLAIM

22. With regard to paragraph 125 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

23. Defendants deny the allegations set forth in paragraphs 126, 127, 128, 129 and 130 of the Second Amended Complaint.

## PLAINTIFF'S FOURTH CLAIM

24. With regard to paragraph 131 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

25. Defendants deny the allegations set forth in paragraphs 132, 133, 134, 135 and 136 of the Second Amended Complaint.

## PLAINTIFF'S FIFTH CLAIM

26. With regard to paragraph 137 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

27. Defendants deny the allegations set forth in paragraphs 138, 139 and 140 of the Second Amended Complaint.

## PLAINTIFF'S SIXTH CLAIM

28. With regard to paragraph 141 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

29. Paragraphs 142, 143, 147 and 150 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that they violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

30. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 148 and 149 of the Second Amended Complaint.  Defendants deny the allegations to the extent that they allege that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

31. Defendants deny the allegations set forth in paragraphs 144, 145, 146, 151, 152, 153, 154, 155 and 156 of the Second Amended Complaint.

## PLAINTIFF'S SEVENTH CLAIM

32. With regard to paragraph 157 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

33. Defendants deny the allegations set forth in paragraphs 158, 160, 161, 165, 166, 167, 168 and 169 of the Second Amended Complaint.

34. With respect to paragraphs 159 and 162 of the Second Amended Complaint, Defendants respectfully refer the Court to the documentary evidence referenced therein for the contents and legal effect thereof.  Defendants deny the allegations to the extent that they are inconsistent with such referenced documentary evidence and deny that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.  Defendants deny the remaining allegations set forth in these paragraphs of the Second Amended Complaint.

35. Paragraphs 163 and 164 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that they violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

## PLAINTIFF'S EIGHTH CLAIM

36. With regard to paragraph 170 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

37. Defendants deny the allegations set forth in paragraphs 171, 172, 173, 174, 178, 179, 180, 181, 182, 184, 185, 186 and 188  of the Second Amended Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 175 of the Second Amended Complaint.  Defendants deny the allegations to the extent that they allege that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

39. Paragraphs 176, 177, 183 and 187 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that they violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

## PLAINTIFF'S NINTH CLAIM

40. With regard to paragraph 190 of the Second Amended Complaint[1], Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

41. Defendants deny the allegations set forth in paragraphs 191, 192, 193, 194, 195, 197, 198, 199 and 200 of the Second Amended Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 196 of the Second Amended Complaint.  Defendants deny the allegations to the extent that they allege that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

## PLAINTIFF'S TENTH CLAIM

43. With regard to paragraph 201 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

---

1 There is no paragraph 189 in the Second Amended Complaint.

44. Defendants deny the allegations set forth in paragraphs 202, 203, 204, 205 and 206 of the Second Amended Complaint.

## PLAINTIFF'S ELEVENTH CLAIM

45. With regard to paragraph 207 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

46. Defendants deny the allegations set forth in paragraphs 208, 209, 210 and 211 of the Second Amended Complaint.

## PLAINTIFF'S TWELFTH CLAIM

47. With regard to paragraph 212 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

48. Paragraphs 213 and 214 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that they violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

49. Defendants deny the allegations set forth in paragraphs 215, 216, 210, 211, 220, 221, 222, 223 and 224 of the Second Amended Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 217 and 218 of the Second Amended Complaint.  Defendants deny the allegations to the extent that they allege that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

## PLAINTIFF'S THIRTEENTH CLAIM

51. With regard to paragraph 225 of the Second Amended Complaint, Defendants respectfully refer the Court to the paragraphs responsive to the re-alleged allegations.

52. Paragraph 226 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that they violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

53. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 227 and 234 of the Second Amended Complaint, and Defendants deny that they violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

54. Defendants deny the allegations set forth in paragraphs 228, 229, 230, 232, 233, 235 and 236 of the Second Amended Complaint.

55. With respect to paragraph 231 of the Second Amended Complaint, Defendants respectfully refer the Court to the documentary evidence referenced therein for the contents and legal effect thereof.  Defendants deny the allegations to the extent that they are inconsistent with such referenced documentary evidence and deny that Defendants violated any of Plaintiff's rights or are otherwise liable to Plaintiff.

56. Defendants deny any allegations of the Second Amended Complaint not specifically responded to above.

57. With regard to the section of the Complaint entitled "Prayer For Relief," no response is required because this section merely contains the relief sought by Plaintiff in this action.  To the extent that a response is required, Defendants deny the allegations set forth therein and deny that Plaintiff is entitled to any compensatory, punitive, or injunctive relief, or any other such relief requested in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

58. The Second Amended Complaint fails to state a claim upon which relief can be granted.

59. At all relevant times, Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law.  Defendants, therefore, are protected under the doctrine of qualified immunity.

60. To the extent Defendants were not personally involved in the alleged constitutional or statutory violations, they are not liable.  The doctrine of respondeat superior does not apply in civil rights cases, and the Complaint should therefore be dismissed.

61. Defendants did not participate, condone, or acquiesce in any policy or practice that constituted a violation of Plaintiff's constitutional rights.

62. Defendants had a legitimate, independent, non-discriminatory and non-retaliatory reason for any and all actions taken toward Plaintiff.

63. The Second Amended Complaint is barred, in whole or in part, under the Eleventh Amendment.

64. To the extent Plaintiff failed to exhaust available administrative remedies, the Second Amended Complaint is barred, at least in part.

65. To the extent Plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under Section 1915.

66. To the extent this action is brought for mental or emotional injury, Plaintiff is barred from proceeding without a prior showing of physical injury.

67. Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending.  Pursuant to Section 807 of

the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded Plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full.  Therefore, Plaintiff is or may not be entitled to any payment herein.

68. Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes.  Pursuant to Section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to Plaintiff, reasonable efforts shall be made to notify the victims of the crime for which Plaintiff was convicted and incarcerated.  Upon information and belief, Plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

69. Defendants may have additional affirmative defenses that are not known to them at this time, but may be ascertained through discovery.  Defendants preserve such affirmative defenses as they become known to them through discovery.

## JURY DEMAND

70. Defendants hereby demand a trial by jury.

## CONCLUSION

**WHEREFORE**, Defendants Holland, LeClair, Snow, Martin, Clancy, Barber, Stickney, French, Kim, Kirkpatrick and Stotler respectfully request that this Court deny the relief requested, dismiss the Complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated:  Albany, New York
          September 30, 2020

                                      LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants French, Barber, Martin,
        Kim, Stotler, Holland, Stickney, Clancy,
        Snow, Kirkpatrick and LeClair
The Capitol
Albany, New York  12224

By: _s/ Ryan L. Abel_
Ryan L. Abel
Assistant Attorney General, of Counsel
Bar Roll No. 512454
Telephone: (518) 776-2589
Email: Ryan.Abel@ag.ny.gov

TO:      P. Jenny Marashi, Esq.
          7 East 14th Street
          Ste #822
          New York, New York  10003